UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| M.J.R.,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>          Defendants. | Case No.  23-cv-05821-VKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**<br><br>Re: Dkt. No. 2 |

   Plaintiff M.J.R. brings this lawsuit alleging that she was the victim of sexual abuse in several Federal Bureau of Prisons ("BOP") facilities, including the Federal Correctional Institution in Dublin, California ("FCI Dublin").  *See* Dkt. No. 1.  Pending before the Court is plaintiff's motion to proceed anonymously.  Dkt. No. 2.  Defendants United States of America, Andrew Jones, and several Doe defendants have not appeared in this matter.  Pursuant to Local Civil Rule 7-1(b), the Court finds that the pending motion is appropriate for determination without oral argument.  After reviewing M.J.R.'s complaint and considering the arguments raised in her brief, the Court grants M.J.R.'s motion for the reasons set forth below.

   A defendant's due process right to confront an adversary and the public's right of access to judicial proceedings require that, in most cases, individuals filing lawsuits do so in their own names.  *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000); *see also* Fed. R. Civ. P. 10(a)) (requiring that the title of every complaint "include the names of all the parties").  However, in the "unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment,"

parties may use pseudonyms. *Advanced Textile Corp.*, 214 F.3d at 1068-69.  A party may proceed anonymously when his or her "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067.  The Ninth Circuit has identified three circumstances where this may be the case: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution.  *Id.* at 1068. When a party fears retaliation, the court balances: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous parties' fears, (3) the anonymous party's vulnerability to retaliation, (4) the prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities.  *Kamehameha Schools*, 596 F.3d at 1042.

District courts have broad discretion to determine whether a plaintiff may proceed anonymously.  *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045-1046.  With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity.  *See Doe v. Penzato*, No. CV 10-5154-MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (granting the plaintiff's petition to proceed anonymously because she alleged she was a victim of human trafficking, forced labor, sexual battery, and invasion of privacy during her occupation as a child caretaker and housekeeper); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (concluding the use of a pseudonym was appropriate because petitioner was repeatedly sexually assaulted in prison and would likely be subjected to more violence if his name was revealed); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017) (concluding the plaintiffs "warrant anonymity on the ground their allegations of harm . . . concern sexual assault" as well as fear of retaliation and physical harm); *Doe K.G. v. Pasadena Hospital Ass'n, Ltd.*, No. 2:18-CV-08710-ODW, 2019 WL 1612828 (C.D. Cal. Apr. 15, 2019) (concluding that allegations of repeated sexual assault created a high likelihood plaintiffs will suffer further

emotional injury if forced to proceed under real names); *Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804 (N.D. Cal. May 22, 2018) (concluding that student's allegations of sexual assault by special education teacher warranted proceeding anonymously); *see also Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1990) ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the inmates.").

Here, M.J.R. argues that both the risk of retaliatory physical and mental harm and the sensitive and highly personal nature of the proceedings warrant proceeding anonymously. Dkt. No. 2 at 3. Additionally, she argues, correctly, that allegations of pervasive sexual abuse at a federal corrections facility may garner significant media attention. M.J.R. has demonstrated a reasonable fear that she is vulnerable to severe harm. *See, e.g.*, *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (using pseudonyms where informant "faced a serious risk of bodily harm"). Furthermore, given the serious and sensitive nature of M.J.R.'s allegations of repeated sexual assault, there is a high likelihood she will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under her real name. The prospect of such personal embarrassment and emotional injury outweighs any potential prejudice to defendants. *See Advanced Textile Corp.*, 214 F.3d at 1067, 1068. Finally, as other courts have held, allowing sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes. *See Penzato*, 2011 WL 1833007, at *5; *Heineke v. Santa Clara University*, No. 17-cv-05285-LHK, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017) (concluding "the public interest is served in allowing an alleged victim of sexual harassment to be sued under pseudonym to avoid deterring other victims from coming forward").

Accordingly, M.J.R.'s motion is granted, and she may proceed using the pseudonymous designation "M.J.R." As defendants have not yet appeared in this action, defendants may later file a motion to compel disclosure of plaintiff's true name if they can make a good faith showing of prejudice. *See Mt. Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804, at *2; *Advanced Textile Corp.*, 214 F.3d at 1069 ("We recognize that the balance between a party's need

for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").

**IT IS SO ORDERED.**

Dated: November 14, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge